UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAVID CHARLES MAIER,

                Plaintiff,

   v.

BILL ELFO, et al.,

                Defendant.

CASE NO. C19-2077-RSM-BAT

**REPORT AND RECOMMENDATION**

Plaintiff, David Charles Maier, commenced this civil rights action by filing a complaint pursuant to 42 U.S.C. § 1983. Dkt. 1-1, 7. Plaintiff is a prisoner currently housed at Whatcom County Jail and proceeds *pro se* and *in forma pauperis*, in this action. Dkts. 1, 1-1, 7. Plaintiff's complaint names the following defendants: Bill Elfo, Wendy Jones (Whatcom County Jail Chief), Garrett (Judge Whatcom County Superior Court), Leon Henley (Judge Whatcom County Superior Court), Ross (Officer Sergeant Everett Police Department), Ohara (Officer Everett Police Department), Kellen B. Kooistra, (Whatcom County Prosecutor) Kelli Bannerman (Officer Bellingham Police Department), Eric Kingery (Officer Bellingham Police Department). The Court, having reviewed and screened the complaint recommends: that plaintiff's claims alleged in Count II against defendants Garrette, Leon Henley, and Kellen B. Kooistra, be dismissed with prejudice as those defendants are immune from suit; that plaintiff's claims

REPORT AND RECOMMENDATION - 1

alleged in Count II against defendants Kelli Bannerman and Eric Kingery, be dismissed without prejudice pursuant to *Younger v. Harris*, 401 U.S. 37, 43-46 (1971); and that plaintiff's complaint, containing remaining Counts I and III, be served against the remaining defendants, Bill Elfo, Wendy Jones, Sergeant Ross and Officer Ohara.

## BACKGROUND

In Count I of his complaint, plaintiff alleges defendants Sergeant Ross and Officer Ohara violated his rights by "burst[ing] through the door" without a warrant and beating him and tazing him several times causing plaintiff to be hospitalized. Dkt. 1-1, 7. In Count II of his complaint, plaintiff alleges that, in the context of his criminal case, Officer Kelli Bannerman filled out a probable cause affidavit that "does not particularly describe [plaintiff]" and contains the incorrect arrest date. *Id.* He alleges Judge Garrette found probable cause to confine him even though the "probable cause affidavit did not particularly describe [him]." *Id.* He also asserts that, in the context of his criminal proceedings, Judge Henley "verbally stated yes, when I asked her if she was violating my right to remain silent." *Id.* He alleges prosecutor Kellen B. Kooistra is "now trying to maliciously prosecute [him]." *Id.*

In Count III of his complaint, plaintiff alleges defendants Bill Elfo and Wendy Jones, are responsible for policies that interfere with his ability to access the law library at Whatcom County Jail. *Id.* Specifically, plaintiff alleges that "jail policy" does not allow inmates physical access to the law library and "denies inmates pro-se status unless they have a notice from a Judge." *Id.*

## DISCUSSION

The Court must dismiss the complaint of a prisoner proceeding *in forma pauperis* "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a

REPORT AND RECOMMENDATION - 2

1  claim on which relief may be granted'" or (c) "seeks monetary relief against a defendant who is
2  immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b). A complaint is
3  frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.3d 1221, 1228
4  (9th Cir. 1984).

5  Before the Court may dismiss the complaint as frivolous or for failure to state a claim,
6  though, it "must provide the [prisoner] with notice of the deficiencies of his or her complaint and
7  an opportunity to amend the complaint prior to dismissal." *McGucken v. Smith*, 974 F.2d 1050,
8  1055 (9th Cir. 1992); *see also Sparling v. Hoffman Constr., Co., Inc.*, 864 F.2d 635, 638 (9th Cir.
9  1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). On the other hand, leave to amend
10 need not be granted "where the amendment would be futile or where the amended complaint
11 would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

12 To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct
13 complained of was committed by a person acting under color of state law, and (2) the conduct
14 deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the
15 United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Section 1983 is the appropriate
16 avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v.*
17 *Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

18 **A.      Count II - Judicial and Prosecutorial Immunity**

19 Plaintiff's claims in Count II of the complaint, against defendants Kelli Bannerman, Eric
20 Kingery[1], Garrette, Leon Henley, and Kellen B. Kooistra, are all integrally related to plaintiff's
21 ongoing state court criminal case. Specifically, plaintiff's claims challenge the affidavit of

---

[1] The Court also notes that plaintiff names defendant Kingery in the context of his Count II claims but does not state any facts to indicate what, if any, role defendant Kingery played with respect to those claims.

REPORT AND RECOMMENDATION - 3

probable cause supporting the charges against him in his criminal case as well as the decisions made by the prosecutor and Judges in the context of his state court criminal proceedings. The Court should abstain from considering these claims against defendants pursuant to the *Younger v. Harris*, 401 U.S. 37, 43-46 (1971). The *Younger* abstention doctrine is based on principles of equity and comity. *Id.* The equitable principle at play is that courts should refrain from exercising their equitable powers when a movant has an adequate remedy at law. Notions of comity require the federal government to let states be "free to perform their separate functions in their separate ways." *Id.* at 44. The Ninth Circuit applies a four-part test to determine application of *Younger* abstention:

> We must abstain under *Younger* if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, *i.e.*, would interfere with the state proceeding in a way that *Younger* disapproves.

*San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008). Under these factors, *Younger* abstention applies.

First, plaintiff's state court criminal matter is currently pending. Second, the state court proceeding arises out of a prosecution that implicates important state interests as the State of Washington has a strong interest in enforcing its criminal laws. Third, plaintiff has a full opportunity to raise his complaints in his ongoing state court criminal case. Finally, federal adjudication of plaintiff's claims that the Judges and prosecutors violated his federal rights in the context of his criminal court case would necessarily interfere with the pending state court criminal matter. Accordingly, the interests of equity and comity dictate this Court should abstain from adjudication of plaintiff's claims because all four *Younger* abstention factors are satisfied.

REPORT AND RECOMMENDATION - 4

Accordingly, plaintiff's claims in Count II of his complaint are subject to dismissal without prejudice pursuant to *Younger*.

Additionally, plaintiff is barred from bringing a § 1983 claim for damages against defendants Garrette, Henley and Kooistra as they are entitled to judicial or prosecutorial immunity.[2] Defendants Garrette and Henley are entitled to absolute judicial immunity for acts performed within their judicial capacity. *Mireles v. Waco*, 502 U.S. 9, 9–12 (1991); *see Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099 (1978); *accord Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam) ("Judges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts.") (citation omitted). Judicial immunity applies even when a judge acts in excess of his or her authority. *Id*. at 356. This strong immunity protects judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants. *Forrester v. White*, 484 U.S. 219, 225, 108 S.Ct. 538 (1988). This immunity is immunity from suit, not a mere defense to liability, so a defendant with absolute immunity is entitled to dismissal before the commencement of discovery. *Mitchell v. Forsyth*, 472 U.S. 511, 526-27, 105 S.Ct. 2806 (1985).

Here, plaintiff's claims against Judge Garrette and Judge Henley appear to arise solely out of their actions as judges performed in the context of plaintiff's state court criminal proceedings. As such, Judges Garrette and Henley are entitled to absolute immunity and dismissal of the claims against them with prejudice.

Similarly, defendant Kooistra is entitled to prosecutorial immunity. Prosecutors are entitled to absolute immunity from liability for damages under 42 U.S.C. § 1983 where the prosecutor "acts within his or her authority and in a quasi-judicial capacity." *Ashelman v. Pope*,

---

[2] The Court notes that plaintiff's claims against these defendants only seek damages as relief. Dkt. 1-1, 7.

REPORT AND RECOMMENDATION - 5

793 F.2d 1072, 1076 (9th Cir. 1986) (citing *Imbler*, 424 U.S. at 430-31); *see also Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 674, 678 (9th Cir. 1984) ("If the prosecutor acts as an advocate 'in initiating a prosecution and in presenting the State's case,' absolute immunity is warranted.") (quoting *Imbler*, 424 U.S. at 430-31). Prosecutorial immunity applies, furthermore, "even if it leaves 'the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty.'" *Ashelman*, 793 F.2d at 1075 (quoting *Campbell v. Maine*, 787 F.2d 776, 778 (1st Cir. 1986)).

Here, plaintiff alleges defendant Kooistra is "trying to maliciously prosecute [him]." Dkt. 1-1. However, plaintiff's allegations relate directly to defendant Kooistra's actions taken in her role as a prosecutor and, as such, she is entitled to immunity from plaintiff's claims for damages.

Given the nature of plaintiff's claims against defendants Garrette, Henley, and Kooistra, it does not appear these claims are capable of amendment. Accordingly, the Court recommends that the claims against defendants Garrette, Henley, and Kooistra be dismissed with prejudice and that leave to amend these claims be denied. The Court also recommends that plaintiff's claims against defendants Bannerman and Kingery be dismissed without prejudice pursuant to *Younger*.

**B.      Counts I and III**

The Court finds that plaintiff's claims raised in Count I against defendants Sergeant Ross and Officer Ohara related to their alleged warrantless entry and use of excessive force, state sufficient facts to warrant a response from defendants. Likewise, the Court finds plaintiff's claims raised in Count III against defendants Bill Elfo and Wendy Jones related to inadequate law library access state sufficient facts to warrant a response from defendants. Accordingly, the

REPORT AND RECOMMENDATION - 6

Court recommends that the action proceed with respect to Counts I and III and the complaint be served on defendants Bill Elfo, Wendy Jones, Sergeant Ross and Officer Ohara.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **January 22, 2020.** The Clerk should note the matter for **January 31, 2020**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed eight (8) pages. The failure to timely object may affect the right to appeal.

DATED this 7th day of January, 2020.

BRIAN A. TSUCHIDA
United States Magistrate Judge